## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky A. Jennings, *a/k/a Rickey Anthony Jennings*,  )<br>) <br>Plaintiff,  ) <br>) <br>vs.  ) <br>) <br>Charleston Co. Sheriff Dept., Al Cannon, ) <br>and Deputy Ms. Poirer,  ) <br>) <br>Defendants.  ) <br>_____ ) | No. 2:14-cv-00929-RMG <br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, (Dkt. No. 79), recommending that the Court grant in part and deny in part Defendants' motion for summary judgment (Dkt. No. 47). No party has filed objections to the R & R. For the reasons stated below, the Court ADOPTS the R & R and GRANTS IN PART AND DENIES IN PART Defendants' motion.

### I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made.

Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## II. Discussion

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. The Court agrees that the Eleventh Amendment bars suit against the Charleston County Sheriff's Department in federal court. *E.g., Stewart v. Beaufort Cnty.*, 481 F. Supp. 2d 483, 493 (D.S.C. 2007). The Court also agrees that Plaintiff's single allegation against Defendant Canon is insufficient to state a claim for supervisor liability under Section 1983, and he is entitled to summary judgment. *See Mitchell v. Strickland*, 87 F.3d 1309 (4th Cir. 1996) ("[T]his single, isolated incident of alleged improper investigation does not satisfy the heavy burden of proving supervisory liability.").

Finally, the Court agrees that Defendant Poirier's and Plaintiff's version events surrounding Defendant Poirier's use of force differ in important and material ways, such as whether Plaintiff kept his hands in plain view, whether Plaintiff struggled with Defendant Poirier, whether Plaintiff was shot in the back or abdomen, and whether Defendant Poirier tazed Defendant twice *after* he was paralyzed from a gun shot wound to his spine. Such disputed facts bar entry of summary judgment on qualified immunity grounds as well as on the merits of an excessive force claim. *See Bailey v. Kennedy*, 349 F.3d 731, 744-45 (4th Cir. 2003)

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation, (Dkt. No. 79), as an order of this Court. Accordingly, Defendants' motion for summary judgment (Dkt. No. 47) is **GRANTED IN PART AND DENIED IN PART**. Summary judgment is **GRANTED** as to Defendants Charleston County Sheriff's Department and Sheriff Al Canon, and these Defendants are **DISMISSED** from this action. The motion is **DENIED** as to the excessive force claim against Defendant Poirier.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

August  19 , 2015
Charleston, South Carolina