IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ricky A. Jennings, | ) | Civil Action No. 2:14-929-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Deputy Poirier, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim (Dkt. No. 106). For the reasons set forth below, the Court denies the motion.

I. **Background**

On June 2, 2013, Deputy Poirier, responding to a report of a U-Haul truck driving erratically on Highway 17 in Charleston County, observed a U-Haul truck driven by Plaintiff failing to stay in its lane. When she attempted to stop Plaintiff's vehicle, Plaintiff continued to drive for several minutes before stopping in Georgetown County. Plaintiff then exited the vehicle and fled into the woods. Deputy Poirier gave chase, tased Plaintiff, and attempted to handcuff him. The parties' accounts diverge at this point. Plaintiff alleges that he broke free from Deputy Poirier, ran, and was shot twice—once in the back and once in the arm by a bullet that grazed his stomach. Defendant claims that she punched Plaintiff in the face and that he then climbed on top of her and attempted to grab her firearm, and that she shot him in the arm and stomach (not in the back) because she was in fear for her life. After EMS arrived on the scene, Plaintiff was airlifted to Grand Strand Regional Medical Center in Myrtle Beach. One of the bullets damaged Plaintiff's spine, and he remains paralyzed and wheelchair-bound. Plaintiff was indicted for assault and

battery in the first degree and resisting arrest. Plaintiff pled guilty to resisting arrest on August 29, 2014; the assault and battery charges were dismissed.

On March 17, 2014, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Deputy Poirier used excessive force. On August 19, 2015, the Court granted summary judgment for the Charleston County Sheriff's Department and for Sheriff Al Cannon, but denied summary judgment as to Plaintiff's excessive force claim against Deputy Poirier. (Dkt. No. 84.) The Court appointed counsel for Plaintiff and on June 6, 2016 granted Plaintiff leave to amend the complaint. (Dkt. Nos. 87 & 99.) The amended complaint was filed that same day, and, on July 5, 2016, in lieu of an answer to the amended complaint, Defendant filed the present motion to dismiss for lack of subject matter jurisdiction and for failure to state of a claim. (Dkt. Nos. 102 & 106.) Discovery is now complete except for a deposition of Deputy Solicitor Alicia Richardson scheduled on August 10 or 11, 2016. (*See* Dkt. Nos. 95 & 108.)

## II.   Legal Standard

A motion to dismiss for lack of subject matter jurisdiction may be presented in two different ways. "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.* In the first type of motion to dismiss for lack of subject matter jurisdiction, the plaintiff's plausible allegations are presumed in order to reserve "the truth finding role to the ultimate factfinder." *Id.* In the second type of motion to dismiss for lack of subject matter jurisdiction, the burden of proving subject matter

jurisdiction is on the plaintiff as the party asserting jurisdiction, and the "trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.*

In adjudicating a Rule 12(b)(6) motion—or a Rule 12(b)(1) motion alleging that the complaint fails to allege facts upon which jurisdiction can be based—the Court is obliged to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Furthermore, the court may take judicial notice of matters in the public record. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Defendant argues that Plaintiff's action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that Section 1983 claims asserted by a plaintiff convicted of a criminal offense are barred if a judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. A motion to dismiss a Section 1983 claim is a challenge to subject matter jurisdiction, but the present motion to dismiss is nonetheless

subject to the Rule 12(b)(6) standard of review because it claims that the complaint fails to allege facts upon which jurisdiction can be based. *See Carter v. South Carolina*, Civ. No. 5:14-1842-RMG, 2014 WL 5325234, at *7 n.4 (D.S.C. Oct. 17, 2014); *see also Adams v. Bain*, 697 F.2d at 1219. Though Plaintiff's allegations are presumed true under that standard of review, the *Heck* analysis of Plaintiff's claims and his earlier criminal conviction "requires a close factual examination of the underlying conviction." *Riddick v. Lott*, 202 F. App'x 615, 616 (4th Cir. 2006). In performing that factual examination, the Court takes judicial notice of Plaintiff's indictment and the transcript of his guilty plea. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "that the most frequent use of judicial notice is in noticing the contents of court records"). Reviewing those court records together with the amended complaint, the Court finds Defendant's argument that *Heck* bars this action to be baseless:

> MS. RICHARDSON [Deputy Solicitor]: It was a citizen complaint of a DUI—or suspected DUI. Officer Boyer,[1] who is with the Charleston County Sheriff's Office, responded. [Sh]e attempted to stop the vehicle that Mr. Jennings was driving, which was a U–Haul vehicle. He did not stop, crossed over in to Georgetown County. When he did stop, he got out, ran. Officer Boyer indicates that he threw down some items, ran through the woods. There was a fight. She became fearful for her life and shot him.
>
> . . .
>
> MR. HAZZARD [Defense Counsel]: . . . As the deputy indicated, there is a lot more to this incident than initially meets the eye. . . . [B]ut the bottom line is he didn't stop when he was supposed to, that is why he was charged in Charleston County. The deputy's initial indication that he was to stop here, that is resisting arrest. He is pleading to that.
>
> . . .
>
> MS. RICHARDSON: . . . For the record, the State strenuously objects to the fact or any indication that he was shot in the back. That has been a point of contention between Mr. Hazzard and myself.

---

[1] "Boyer" appears to be an erroneous transcription of "Poirier."

. . .

>THE COURT: I understand the State's position and defense counsel's position.

(Dkt. No. 109-2 at 7–8, 9, 10 (transcript of plea colloquy, Aug. 29, 2014).) Nothing Plaintiff alleges in this action is inconsistent with the representations made to the Court of General Sessions for Georgetown County when Plaintiff pled guilty to resisting arrest. When that court accepted Plaintiff's guilty plea, it was aware that the appropriateness of the force used against Plaintiff was hotly disputed; it nonetheless accepted the guilty plea because that dispute was irrelevant to Plaintiff's guilt. Plaintiff perfected the offense to which he pled guilty when he fled from the arresting officer. Judgment for Plaintiff would not imply the invalidity of his conviction for resisting arrest.

Defendant's contrary assertion that "[s]uccess on Plaintiff's excessive force claim would necessarily imply the invalidity of his state court conviction for resisting arrest because the struggle between Plaintiff and Defendant gave rise to both Plaintiff's Resisting Arrest conviction and the excessive force claim . . ." is simply incorrect. (*See* Mem. Supp. Mot. Dismiss 7, July 5, 2016, Dkt. No. 106-1.) The alleged "struggle between Plaintiff and Defendant" gave rise to a charge of assault and battery in the first degree, which was dismissed. It is beyond question that Plaintiff would have been guilty of resisting arrest even in the absence of any alleged "struggle between Plaintiff and Defendant." Moreover, the plea transcript makes clear that Plaintiff's flight, not any altercation with Deputy Poirier, was the substantial factual basis for his guilty plea found by the state court.

Furthermore, Defendant's legal argument is too strained to accept. Defendant essentially argues that once an unarmed person resists arrest by fleeing, police thereafter are free to shoot that person in the back if the shooting happens before an arrest is effected. (*See* Mem. Supp. Mot. Dismiss 5–6.) That is not the law. *See Riddick*, 202 F. App'x at 617 ("In analogous cases, courts

-5-

have ruled that *Heck* does not bar § 1983 actions alleging excessive force despite a plaintiff's conviction for resisting arrest because a 'state court's finding that [a plaintiff] resisted a lawful arrest . . . may coexist with a finding that the police officers used excessive force to subdue [the plaintiff].'"); *see also Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1132–34 (9th Cir. 2011); *Dyer v. Lee*, 488 F.3d 876, 879–84 (11th Cir. 2007); *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1125–27 (10th Cir. 1999); *Nelson v. Jashurek*, 109 F.3d 142, 145–46 (3d Cir. 1997).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss (Dkt. No. 106). The Court **ORDERS** Defendant to answer the amended complaint on or before August 2, 2016.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 2̲6̲, 2016
Charleston, South Carolina